**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

BRIAN FALCONE,                                   Civil Action

      Plaintiff,                                   No.

      v.

HYDROCHEM LLC,

      Defendant.                                   JURY TRIAL DEMANDED

## CIVIL COMPLAINT

### I. Jurisdiction

1.     The Jurisdiction of this Court is invoked pursuant to the Family and Medical Leave Act (FMLA), 29 U.S.C. §2617, and 28 U.S.C. §§1331 and 1343(a)(4).

### II. The Parties

2.     Plaintiff Brian Falcone is an adult male who resides at 247 Broadmoor Avenue, Pittsburgh, PA 15228.

3.     Defendant Hydrochem LLC is a limited liability company or business entity doing business at all times relevant in the Western District of Pennsylvania. Defendant has a regular place of business at 570 Vista Park Drive, Pittsburgh, PA 15205.

### III. Factual Background

4.     Falcone was employed by Defendant from April 20, 2015 until May 6, 2016. Beginning in November 2015, Falcone worked for Defendant as a Branch Safety Coordinator at its Pittsburgh location.

5.     Falcone is a combat veteran and suffers from PTSD related to his service in Iraq. He was first diagnosed with PTSD in 2012 and has been treated for PTSD intermittently since then.

6.     On Thursday, April 28, 2016, Falcone suffered a severe anxiety attack at work because of his PTSD.

7.     Due to his anxiety attack, Falcone left work early and was taken to the hospital in an ambulance.  Falcone remained at the hospital for several hours.

8.     The following day, on Friday, April 29, 2016, Falcone took the day off because of his anxiety attack.

9.     On Monday, May 2, 2016, Falcone attempted to go to work because he had a busy schedule.  However, after approximately two hours at work, Falcone informed his supervisor that he needed to leave early because he was "not feeling great due to his severe anxiety attack." Falcone missed the rest of the day of work.

10.    The next day, on Tuesday, May 3, 2016, Falcone visited his psychiatrist to receive treatment for his PTSD.

11.    Later that day, Falcone went to work.  Shortly after arriving at work, Falcone called HR and requested to take FMLA leave for his PTSD.  Tim Gaudet, Defendant's HR Director, told Falcone he would look into it.

12.    Approximately ten minutes later, Falcone's Branch Manager, Kevin Malloy, called Falcone.

13.    Malloy told Falcone that he just got off the phone with Gaudet and that they had decided to suspend him.

14.    Malloy informed Falcone that he was suspended for three separate reasons. However, the three reasons are unfounded.

15.    First, Malloy told Falcone he was suspended for not reporting a safety incident that

occurred 12 days earlier. This reason is unfounded because, as part of Falcone's responsibilities as Branch Safety Coordinator, he was not required to report safety incidents until the 5th of each month, *which was not until three days later*.

16.    Second, Malloy told Falcone he was suspended for using an unapproved vendor. However, the alleged unapproved vendor was actually approved by Falcone's supervisors.

17.    Finally, Malloy told Falcone he was terminated for not following the proper procedures when he terminated an employee involved with the alleged safety incident.  This reason was similarly unfounded because it was one of Falcone's supervisors who actually terminated the employee.

18.    Subsequently, on May 6, 2016, Defendant terminated Falcone.

**Count I**
**Retaliation for Exercising FMLA Rights**

19.    Falcone incorporates by reference the allegations in paragraphs 1 through 18 as if fully restated herein.

20.    Defendant discharged Falcone, on May 6, 2016, because he requested to take FMLA eligible leave, in violation of 29 U.S.C. §2615(a)(2).

21.    Defendant retaliated against Falcone because he attempted to take leave protected by the FMLA, in violation of 29 U.S.C. §2615(a)(2).

22.    As a direct and proximate result of Defendant's violations of the FMLA, Falcone has suffered and continues to suffer damages, including, but not limited to, lost wages, benefits and seniority.

WHEREFORE, Falcone hereby requests judgment, pursuant to 29 U.S.C. §2617(a), and the following legal and equitable remedies:

a.     Defendant be ordered to employ and re-employ Falcone in the position from which he was discharged, together with all benefits incident thereto, including but not limited to, wages, benefits, training, and seniority;

b.     Defendant be required to compensate Falcone for full value of wages and benefits that Falcone would have received had it not been for Defendant's illegal treatment of Falcone, with interest, at the prevailing rate thereon until the date Falcone is offered re-employment in a position substantially equivalent to the one Falcone occupied prior to May 3, 2016;

c.     Defendant be required to provide Falcone all other compensation, including but not limited to bonuses, pensions, life insurance, health insurance, vision insurance, and dental insurance, which was denied or lost to Falcone as a result of Defendant's illegal treatment of Falcone;

d.     That a final judgment in favor of Falcone and against Defendant be entered for Falcone for liquidated damages, as provided by 29 U.S.C.§2617(a)(1)(A)(iii), in an amount equal to the wages, benefits, and other compensation denied or lost to Falcone;

e.     That Defendant be enjoined from discriminating against Falcone in any manner that violates the FMLA;

f.     That Falcone be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney's fee; and

g.     That Falcone be granted such further legal and equitable relief as the Court may deem just and proper.

## Count II
## Interference with FMLA Rights

23.     Falcone incorporates by reference the allegations in paragraphs 1 through 22 as if fully restated herein.

24.     Defendant interfered with, restrained and denied Falcone's attempt to exercise his rights to FMLA leave by suspending him on May 3, 2016 and later firing him on May 6, 2016 because he requested to take FMLA leave for his PTSD, in violation of 29 U.S.C. §2615(a)(1).

25.     As a direct and proximate result of Defendant's violations of the FMLA, Falcone has

suffered and continues to suffer damages, including, but not limited to, lost wages, benefits and seniority.

WHEREFORE, Falcone hereby requests judgment, pursuant to 29 U.S.C. §2617(a), and the following legal and equitable remedies:

a.    Defendant be ordered to employ and re-employ Falcone in the position from which he was discharged, together with all benefits incident thereto, including but not limited to, wages, benefits, training, and seniority;

b.    Defendant be required to compensate Falcone for full value of wages and benefits that Falcone would have received had it not been for Defendant's illegal treatment of Falcone, with interest, at the prevailing rate thereon until the date Falcone is offered re-employment in a position substantially equivalent to the one Falcone occupied prior to May 3, 2016;

c.    Defendant be required to provide Falcone all other compensation, including but not limited to bonuses, pensions, life insurance, health insurance, vision insurance, and dental insurance, which was denied or lost to Falcone as a result of Defendant's illegal treatment of Falcone;

d.    That a final judgment in favor of Falcone and against Defendant be entered for Falcone for liquidated damages, as provided by 29 U.S.C.§2617(a)(1)(A)(iii), in an amount equal to the wages, benefits, and other compensation denied or lost to Falcone;

e.    That Defendant be enjoined from discriminating against Falcone in any manner that violates the FMLA;

f.    That Falcone be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney's fee; and

g.    That Falcone be granted such further legal and equitable relief as the Court may deem just and proper

Respectfully submitted,

**Samuel J. Cordes & Associates**

/S/ Samuel J. Cordes
Samuel J. Cordes
Nicholas A. Krakoff

Pa.I.D. #54874 (Cordes)
Pa.I.D. #318890 (Krakoff)

245 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412) 281-7991

Attorneys for Plaintiff